UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

CHERYL JONES, etc. *et al.*,

   Plaintiffs,

v.            Civil Case No. 14-cv-328 (RCL)

THE CITY OF SAN ANTONIO, *et al.*,

   Defendants.

## MEMORANDUM OPINION

### I. INTRODUCTION

Before the Court is a motion for new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure, filed by plaintiff Cheryl Jones individually and as representative of the estate of Marquise Jones, Blake Lamkin, Whitney Jones, and Melkay Nation as representative and guardian of K.J., a minor. After consideration of the motion, the responses filed by defendant City of San Antonio and defendant Robert Encina, and plaintiffs' reply, and for the reasons articulated below, the Court will deny plaintiffs' motion for new trial.

### II. BACKGROUND

In the early morning hours of February 28, 2014, Officer Robert Encina shot and killed Marquise Jones in the parking lot of Chachos and Chalucchis on Perrin Beitel Road in San Antonio, Texas. Plaintiffs sued defendants Encina and City of San Antonio for violation of Marquise Jones' civil rights under 42 U.S.C. § 1983. Specifically, they alleged that Encina used excessive and deadly force that was unreasonable under the circumstances when he shot Marquise

1

Jones because Jones posed no immediate threat and had not committed a crime at the time of the shooting. Plaintiffs also alleged that the City of San Antonio had an official policy or custom of failing to supervise or discipline officers and of covering up the use of excessive force in the San Antonio Police Department, which lead to Encina's allegedly unconstitutional use of force. They sought damages for wrongful death under the Texas Wrongful Death Statute, Tex. Civ. Prac. & Rem Code § 71.001, *et seq.*, and survivorship under the Texas Survival Statute, Tex. Civ. Prac. & Rem Code § 71.021.

On March 27, 2017, this case went to trial. On April 6, 2017, the jury returned a verdict against the plaintiffs and in favor of defendants Encina and the City of San Antonio. The jury answered "no" in response to Question 1 of the verdict form:

> Do you find that plaintiffs have proven by a preponderance of the evidence that Defendant Robert Encina used excessive and unnecessary deadly force, in violation of Marquis Jones' federal constitutional rights, pursuant to my instructions regarding COUNT I: EXCESSIVE AND DEADLY FORCE BY ROBERT ENCINA

ECF No. 327. Because the jury found that Encina did not use excessive force in violation of Marquise Jones' constitutional rights, the jury was not required to answer any of the subsequent questions. This Court ordered judgment entered in favor of the defendants. ECF No. 328.

On May 5, 2017, plaintiffs filed a motion for new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure. ECF No. 333. Plaintiffs objected to the separation of Question 1 from subsequent Question 2:

> Do you find from a preponderance of the evidence that no reasonable officer possessing knowledge of clearly established law and the information known by ROBERT ENCINA at that time, could have believed that the amount of force used against MARQUISE JONES was reasonable and necessary?

Mot. 4, ECF No. 333. According to plaintiffs, the two questions improperly separate the elements of an excessive force claim. *Id.* That is, Question 1 asked whether plaintiff has suffered an injury resulting from the use of force that was excessive to the need, and Question 2 asked whether the excessiveness of the force was unreasonable.

### III. LEGAL STANDARD

"The court may, on motion, grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action of law in federal court." FED. R. CIV. P. 59(a). Generally, a motion for new trial is granted when the trial court finds that (1) the verdict is against the weight of the evidence, (2) the amount of damages awarded is excessive, or (3) the trial was unfair or marred by prejudicial error. *Seidman v. Am. Airlines, Inc.*, 923 F.2d 1134, 1140 (5th Cir. 1991) (quoting *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 612-13 (5th Cir. 1985)). On the issue of fairness, the Court has wide latitude in determining whether to grant or deny a motion for new trial. *See Pryor v. Trane Co.*, 138 F.3d 1024, 1026 (5th Cir. 1998) (placing such a determination "within the sound discretion of the trial court").

Similarly, the Court has the right to set aside a verdict if, after weighing the evidence, the Court is of the "firm belief that the verdict is clearly contrary to the weight of evidence." *Smith*, 773 F.2d at 612. The court need not view the evidence in the light most favorable to the nonmoving party. *Id.* However, the Court must "respect the jury's collective wisdom and must not substitute its opinion for the jury's." *Id.* To avoid such substitutions, the Fifth Circuit has noted that "new trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great not merely the greater weight of the evidence." *Conway v. Chemical Leaman Tank Lines, Inc.*, 610 F.2d 360, 362–63 (5th Cir. 1980); *see also Dotson v. Clark Equip. Co.*, 805 F.2d 1225, 1227 (5th Cir. 1986); *G.A. Thompson & Co. v. Partridge*, 636 F.2d 945, 957 (5th Cir. 1981).

3

## IV. ANALYSIS

As this Court instructed the jury, plaintiffs in an excessive force case must prove (1) an injury, (2) that the injury resulted directly from the use of force that was excessive to the need, and (3) that the excessiveness was objectively unreasonable. *Flores v. City of Palacios*, 381 F.3d 391, 396 (5th Cir. 2004). Plaintiffs argue that the verdict form improperly split these elements across Question 1 and Question 2, denying the jury the ability to consider whether Encina's conduct was objectively reasonable. Mot. 2. But this confuses the issue of whether Officer Encina violated Marquise Jones' constitutional rights by using excessive force and the issue of whether Officer Encina was entitled to qualified immunity even if he did violate Marquise Jones' constitutional rights. This is somewhat surprising, considering that Question 1 is virtually identical to the proposed jury question submitted by plaintiffs on the issue of whether Encina violated Jones' constitutional rights. Plaintiffs' proposed question read:

> Do you find that plaintiffs have proven by a preponderance of the evidence that Defendant Robert Encina used excessive and unnecessary deadly force, in violation of Marquis Jones' federal constitutional rights, pursuant to Instruction No.1?

ECF No. 242.

Plaintiffs' confusion may be based on the use of "excessive force" as a term of art referring to a violation of the Fourth Amendment of the Constitution, rather than a single element of an excessive force claim. The Court's instructions were clear that the finding of a violation of Marquise Jones' constitutional rights required not only a determination of whether Jones incurred an injury resulting from excessive force, but also a consideration of the objective reasonableness of the force used. Jury Instructions 7, ECF No. 321. The Court also instructed the jury that "[t]he use of deadly force is not unreasonable when an officer would have reason to believe that the suspect poses a threat of serious harm to the officer or others." Jury Instructions 6; *see also Mace*

4

*v. City of Palestine*, 333 F.3d 621, 624 (5th Cir. 2003) (citing *Tennessee v. Garner*, 471 U.S. 1 (1985)). As instructed, Question 1 required a consideration of whether Robert Encina's use of deadly force was excessive *and* objectively unreasonable, thus constituting a violation of Marquise Jones' constitutional rights. The jury found that it was not.[1]

The Court further instructed the jury that even if they found that Encina *had* violated Marquise Jones' constitutional rights, they must further consider whether Encina was entitled to qualified immunity. Jury Instructions 7.[2] The Court's instructions were clear that qualified immunity applies "if a reasonable officer could have believe that shooting Marquise Jones was lawful in light of clearly established law and the information that Robert Encina possessed." Jury Instructions 8. However, the Court instructed that if the jury found that no reasonable officer could have believed that his actions were lawful in light of clearly established law, Encina is not entitled to qualified immunity. *Id.* As instructed, Question 2 required a consideration of qualified immunity, not the elements of whether a constitutional violation occurred. Because the jury found that Marquise Jones' constitutional rights were not violated, they were not required to reach Question 2 on qualified immunity. However, the fact that the jury did not consider Question 2 does not mean that the jury never considered whether Encina's use of force was objectively reasonable. They could not have answered Question 1 as instructed without considering the objective reasonableness of Encina's use of force.

---

[1] Even if Question 1 separated the elements as interpreted by the plaintiffs—*i.e.* that Question 1 only concerned whether Encina's use of force was excessive—that would be irrelevant. Even assuming this interpretation *arguendo*, the jury answered "no," which would constitute a finding that Encina's use of force was *not* excessive. Because excessiveness is a critical element of an excessive force claim, plaintiffs' interpretation of the verdict form would still preclude a finding that a constitutional violation even occurred.

[2] Notably, plaintiffs' proposed questions did not include a question on qualified immunity. Qualified immunity is often a question of law and is not submitted to a jury. However, the factual disputes here included whether Encina knew at the time of the shooting that Jones was unarmed, and whether he—along with the City of San Antonio and the San Antonio Police Department—engaged in a cover up and concealed evidence to justify the shooting. Thus, the Court left the determination of those facts, which were material to the question of qualified immunity, to the jury.

5

Finally, plaintiffs also challenge the jury's determination that no constitutional violation occurred, arguing it is against the great weight of evidence. Mot. 7. Plaintiffs argument is that "[t]here can be no question, nor has there ever been a serious question in this case, that Encina's use of deadly force was excessive." Mot. 2. However, that very question was hotly contested before the jury. This Court emphatically disagrees with plaintiffs' characterization that the evidentiary record before the jury required a different result.

As noted, an excessive force claims requires a finding that the use of force was excessive to the need. The "[u]se of deadly force is not unreasonable when an officer would have reason to believe that the suspect poses a threat of serious harm to the officer or others." *Mace v. City of Palestine*, 333 F.3d 621, 624 (5th Cir.2003) (citing *Tennessee v. Garner*, 471 U.S. 1 (1985)). Both sides provided conflicting evidence and witness testimony as to whether the use of deadly force was excessive to the need and whether Encina had reason to believe that Jones posed a threat of serious harm to himself or to the others at the scene. Witnesses for the plaintiffs testified that Marquise Jones did not have a gun on the night in question, that he did not pose a threat as he merely ran away from Encina, that Encina shot Jones in the back in cold blood, and that the City of San Antonio covered up the shooting by concealing and/or fabricating evidence of the shooting. Witnesses for the defendants stated that Marquise Jones had a gun on the night in question, that at the time of the shooting Jones was turning toward Encina with the gun in hand (or appeared to be simultaneously reaching for the gun while turning), and that a gun was recovered from the scene. This is a classic dispute over material facts, and whether the jury believed plaintiffs' or defendants' witnesses and evidence was likely dispositive here.

In the end, the jury weighed the evidence, assessed the credibility of the witnesses, and believed the defendants over the plaintiffs. Based on the evidence presented by the defendants,

6

particularly the testimony surrounding the presence of a gun, the jury had ample support for a verdict in favor of the defendants. To find otherwise, one would have to credit the plaintiffs' evidence and discount the defendants' evidence. It appears now that plaintiffs would have this Court weigh the credibility of the trial witnesses in a way that the jury did not. *See* Mot. 10 ("The overwhelming, *credible* evidence at trial proved that Encina shot an unarmed man that posed no threat of harm to Encina or anyone else . . . The jury simply got it wrong, and . . . this Court should grant the Plaintiffs a new trial.") (emphasis added). But for this Court to decide that the jury "got it wrong," it would have to invade the fact-finding province of the jury and decide that Marquise Jones did not have a gun and no gun was recovered at the scene. The jury decided the opposite based on competent and admissible trial evidence. This Court declines to substitute its own opinions for those properly decided by the jury here.

## V. CONCLUSION

For the reasons articulated above, the Court finds that Question 1 did not split the elements of excessive force and did not constitute prejudicial error or render the trial unfair. Similarly, the Court finds that the jury's verdict was not against the great weight of the evidence.

Accordingly, the Court will deny plaintiffs' Rule 59 motion for a new trial.

A separate order shall issue.

Royce C. Lamberth
United States District Judge

DATE: 8/30/17